

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 20, 1960

Mr. Moore Lynn
County Auditor
Dallas County
Records Building
Dallas, Texas

Opinion No. WW-886

Re: Does Senate Bill 178, Acts
56th Legislature, Regu-
lar Session,1959,require
that the Dallas County Hosp-
ital District be included in
the annual independent audit
along with the records and
books of Dallas County and
related questions.

Dear Mr. Lynn:

Your letter of recent date requests the opinion of this office on two questions:

"1.   Does Senate Bill 178, 56th Legis-
lature, Regular Session, require that the
Dallas County Hospital District be included
in the annual independent audit along with
the records and books of Dallas County?"

Under date of January 15, 1960, an agreement was made between the County of Dallas, Texas, and Haskins & Sells, Certified Public Accountants, to make a general audit of the financial records and accounts of Dallas County.

"2.   Is an audit of the Hospital Dis-
trict covered by the contract between Dal-
las County and Haskins & Sells?"

Section 1 of Senate Bill 178, Acts of the 56th Legislature, Regular Session, 1959, (codified as Article 1641-d, Vernon's Civil Statutes) provides as follows:

"In every county in the State of Texas
having a population of 350,000 inhabitants
or more, according to the last preceding
Federal Census, an annual independent audit

shall be made of all books, records, and accounts of the district, county and precinct officers, agents or employees, including regular auditors of the counties and all governmental units of the county hospitals, farms and other institutions of the county, and all matters pertaining to the fiscal affairs of the county."
(Emphasis ours)

Attorney General's Opinion WW-763 held that the word "county", as used in the preceding Article, must be treated as referring to "county government." This opinion states:

". . . The word 'county' is used repeatedly and consistently in the act in such a way as to mean the political unit of government rather than the geographical area. If otherwise construed the act would require an audit of every institution, public and private, in the county area. . . ."

"It seems clear to us, however, that the Legislature actually intended for the Act to apply only to county government and the various units, institutions and agencies thereof. . . ." (Emphasis ours)

"Further, Sections 3 and 4 of the Act are persuasive in this respect since they provide for the employment of the auditor by the County Commissioners Court and further provide for the auditor to be paid out of the general fund of the county. It is unlikely that the Legislature would give the duty of employing the auditor to the Commissioners Court if the audit were intended to be directed at other units of government. Moreover it is especially doubtful that the Legislature would require the expenditure of county funds for the audit of some other unit of government which has its own tax moneys, and which would receive the benefit of such audit." (Emphasis ours)

In view of this, the answer to your question hinges upon whether or not a county hospital district is a unit of the County or a governmental unit of the county hospitals.

The Commissioners Court of any county shall have the power to establish a county hospital and to tax the property in the county to provide for the maintenance thereof. Article 4478, Vernon's Civil Statutes. It is without question that this type of hospital is a unit of the county. The tax mentioned above is for county purposes and cannot swell the county purpose tax above the constitutional limit. Attorney General's Opinion No. 0-6636.

Article VIII, Section 9 of our Texas Constitution provides "but in no event shall the total of said foregoing taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year." Many counties in Texas levy and assess the maximum tax authorized by this Article. They are curtailed from establishing a county hospital because of the constitutional limitations on taxes.

Because of this and other reasons, there was a need for a new and additional governmental unit with the power to levy a tax on property. With this in mind, the people of Texas in 1954 voted upon and adopted an amendment to the Constitution authorizing the Legislature to provide for the creation of county hospital districts in certain counties and providing that such districts shall have the authority to levy a tax not to exceed seventy-five ($.75) cents on the one hundred ($100.00) dollars valuation of all taxable property within such district. Article IX, Section 4, Texas Constitution.

The enabling Act passed by the Legislature (Article 4494n, Vernon's Civil Statutes) provides for the establishment of a hospital district with the power to levy taxes upon the approval of the property taxpaying voters of the county. It further provides the hospital district shall be managed, controlled and administered by a Board of Hospital Managers appointed by the Commissioners Court. Various county officials have certain authority in regard to some functions of the district. For example, Section 2 provides that the tax so levied shall be collected on all property subject to Hospital District taxation by the Assessor and Collector of Taxes for the county on the county tax values

and in the same manner and under the same conditions as county taxes. However, it further provides that the Assessor shall charge and deduct from payments to the District fees for collecting the tax not to exceed one and one-half (1½%) per cent of the total amounts collected. Also, Section 6 states that the Commissioners Court of the county has the power to prescribe the method and manner of making purchases and expenditures by and for such Hospital District and also shall be authorized to prescribe all accounting and control procedures. But the Hospital District must pay all salaries and expenses necessarily incurred by the county or any of its officers and agents in performing any duties which may be prescribed or required and it shall be the duty of any officer, employee or agent of such county to perform and carry out any function or service prescribed by the Commissioners Court.

We believe this reveals the true intent of the Legislature. If a County Hospital District is a unit of the county, why then must it pay the county for services rendered by county officials? If it were a county unit, these services would be an official duty of the officer for which no extra compensation would be due the officer or the county.

It may be argued, however, that because county officers have certain duties in regard to the Hospital District and the fact that the boundaries of such District are co-extensive with that of the county, that it is a unit of the county. This, however, is without merit in view of the recent Supreme Court decision Bexar County Hospital District v. Crosby, 327 S.W. 2d 445. In an able opinion written by Chief Justice Hickman, he referred to the Bexar County Hospital District as "a political subdivision of the State," "a corporation" and "a different governmental body" from that of the City or County.

In view of the foregoing, it is our opinion that the books, records and accounts of a county hospital district are not books, records and accounts of the county government. Therefore, you are accordingly advised that the Dallas County Hospital District should not be included in the audit provided for by Senate Bill 178, Acts of the 56th Legislature, Regular Session, 1959.

Mr. Moore Lynn, Page 5 (WW-886)


Your second question will not be answered in view of the above ruling.

### S U M M A R Y

The Dallas County Hospital District should not be included in the annual independent audit of Dallas County as required by Senate Bill 178, Acts of the 56th Legislature, Regular Session, 1959. (Article 1641-d, Vernon's Civil Statutes.)

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris
James M. Farris
Assistant

JMF:hb:mm


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Joe Allen Osborn
L. P. Lollar
C. Dean Davis
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore